UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH JEROME ROSS** | **CIVIL ACTION** |
| **VERSUS** | **NO:   22-01210** |
| **SHERIFF TIMOTHY SOIGNET, ET. AL** | **SECTION: "G" (4)** |

### REPORT AND RECOMMENDATION

Before the Court are **Motions to Dismiss Pursuant to FRCP 12(B)(6)  (R. Doc. 22, 29, and 30)** filed by Medical Staff, 32nd Judicial District Court, and La Salle Correctional Center, seeking an order from the Court to dismiss Plaintiff's suit for a failure to state a claim upon which relief may be granted. The motions are unopposed.

These matters were referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendations for disposition pursuant to Title 28 U.S.C.  636(1)(B) and (C), 1915e(2), and 1915A, and as applicable, Title 42 U.S.C.' 1997e(c)(1) and(2). Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Background**

Ross alleges that he was arrested on DWI 3rd offense.  He also was charged with improper lane usage, no registration and switch plate, which he pled guilty to a misdemeanor. Ross alleges that he was transported to Tallulah and then back to Terrebonne Parish Jail where he spent ten months seeking medical attention for a hernia. According to Ross, he complains that he was "locked up for ten months" and references going to court for his sentence on April 28, 2022.  He

seems to allege that he wanted to go for surgery at LaSalle Correctional Center, but his request was revised by the nurse and medical administrator R. Neal.

According to Ross he sent a grievance and was told that he had been seen for medical treatment at Chabert Medical for evaluation by doctors who concluded that surgery was not necessary. He was also told that he was transferred to safety due to Hurricane Ida to another facility who indicated they would perform the procedure, but he was returned back to Terrebonne.

Ross named "Medical staff," who, according to movers, was incorrectly identified. The "Medical Staff" (inaccurately identified by Ross) appeared as LaSalle Correctional Center for the limited purpose of seeking a dismissal of the complaint because: (1) it fails to state a claim; (2) service was insufficient, and (3) misjoinder of defendants.

According to defendant it is not a legal entity capable of being sued for a §1983 claim and the complaint fails to allege facts that if proven true would not state such a claim. Ross allegedly was confined to LaSalle Correctional Center from December 17, 2021 thru January 6, 2022. Other than mentioning the period of his confinement at LaSalle, he does not identify any public official that acted contrary to the law either in the form of the conditions of his confinement or medical care provided. Therefore, defendant LaSalle Correctional Center, LLC contends that Ross' claim should be dismissed.

## II.   Standard of Review

Under Rule 12(b)(6), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed.R.Civ.P. 12(b)(1). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1)

for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See id*.

### III.   Analysis

#### A.   LaSalle Correctional Center ( Rec. Doc. 22)

LaSalle seeks a dismissal of the lawsuit filed by Ross because the complaint fails to state a claim, the service was improper, and misjoinder. While Ross named LaSalle as a defendant in his amended complaint, a review of the complaint shows that he does not state any further allegations against the correctional center. Even if he was able to cure this defect, LaSalle is not a proper defendant.

In Louisiana, the responsibility for parish jails is divided, with the parish responsible for the jail's physical maintenance (La. Rev. Stat. § 15:702), and the sheriff charged with the duty to administer and operate the jail (La. Rev. Stat. § 15:704). The office of sheriff is a constitutionally created office in Louisiana, existing separately from the parish government. La. Const. art. 5 § 27; see *Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. App. 2d Cir. 1991) (holding that the parish could not be liable for injuries attributed to the sheriff).

Thus, in Louisiana, jail facilities are not "legally empowered to do" anything independent of either parish officials or the parish sheriff. Cf. *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). Consequently, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical

entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." Therefore, the claim against the LaSalle Correctional Center ( Rec. Doc. 22) should be dismissed for failure to state a claim.

### B. Medical Staff ( Madison Parish Correctional Center) Rec. Doc. 29

Ross also named Madison Parish Correctional Center ("Madison") and medical staff found at Treatment Plant Road as a defendant. However, other than identifying Madison as a defendant, Ross has failed to state any allegation. He does generally complain of the failure to receive adequate medical care at multiple centers regarding not having received hernia surgery but nothing more specific against Madison.

Like the ruling regarding LaSalle Correctional, Madison Parish Correctional also is not a legal entity, and therefore not an entity subject to suit. The claim against Madison Parish Correctional fails.

To the degree Ross intended to name Madison's medical staff, that claim would also fail. Likewise, Plaintiff's effort to pursue a claim against unidentified doctors, nurses, and other members of the medical staff by naming the "Medical Staff" as a defendant is improper. *See Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)); *Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued; the specific medical personnel must be named). A § 1983 action must be filed against an actual identified person, not a department.

### C.  32nd Judicial District Court (Rec. Doc. 30)

Ross also named the 32nd JDC as a defendant. However, the 32nd Judicial District Court is not an entity with juridical capacity, i.e. a suable entity, under Louisiana law and is not a proper defendant under Fed. R. Civ. Proc. 17(b)(2). See *Sampay v. Terrebonne Parish 32nd Judicial Court*, 2002 WL 2712873 (E.D. La. 2022); *Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); *Durden v. Bryson*, No. 17-214, 2017 WL 4855437, at *2 (W.D. La. Sep. 26, 2017), report and recommendation adopted by 2017 WL 4847783, at *1 (W.D. La. Oct. 25, 2017); *Chisom v. Edwards*, No. 86-4075, 2012 WL 13005340, at *7-9 (E.D. La. Aug. 6, 2012). Even if the court could be sued, claims against the court, as a division or agency of the State, would barred by the Eleventh Amendment for the reasons addressed above. See *Wilkerson v. 17th Jud. Dist. C*t., No. 08-1196, 2009 WL 249737, at *3-4 (E.D. La. Jan. 30, 2009); see also *Jefferson v. La. St. Sup. Ct.,* No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002) ("The Eleventh Amendment clearly bars Jefferson's § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government.") (citing *Southern Christian Leadership Conference v. Sup. Ct. of State of La*., 252 F.3d 781, 783 n.2 (5th Cir. 2001)). Accordingly, Plaintiff's § 1983 claims against the 32nd Judicial District Court must be dismissed pursuant to § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### IV.  Conclusion

Accordingly,

**IT IS RECOMMENDED** that the **Defendant's Rule 12(b)(6) Motion to Dismiss filed by LaSalle Correctional Center, LLC(R. Doc. 22); Motion to Dismiss filed by Medical Staff**

**(Madison Parish Correctional Center) (R. Doc. 29); and MOTION to Dismiss filed by 32nd Judicial District Court (R. Doc. 30) be GRANTED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 10th day of February 2023.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.